**In re TERMINALS UNLIMITED, INC., Debtor.**

**Bankruptcy No. 85–A–1563.**

United States Bankruptcy Court, D. Maryland.

July 24, 1986.

Marc Hansen, Asst. Co. Atty., Rockville, Md., Brian Leitch, Washington, D.C., for debtor in possession.

Charles Docter, Washington, D.C., for Creditors' Committee.

## MEMORANDUM OF DECISION

["Whether a tax has been 'incurred by the estate' is not always easy to determine."

*Collier on Bankruptcy*, 15th Ed. pp. 503–34 (1986)]

PAUL MANNES, Bankruptcy Judge.

Montgomery County, Maryland, has filed a request that this court allow as an admin-

istrative expense the 1985 personal property taxes (including interest and penalties) assessed against the debtor in possession pursuant to 11 U.S.C. § 503(b). The debtor in possession opposes urging that the claim is a general unsecured claim or at best a priority claim under 11 U.S.C. § 507(a)(7).[1]

The facts in the case are not disputed.[2]

1. Terminals Unlimited, Inc., filed its Chapter 11 petition on September 5, 1985.

2. The tax in question was upon personal property for the year beginning July 1, 1985, and ending June 30, 1986.

3. The tax bill was mailed out on November 27, 1985.

4. The last date that the tax could be paid without penalty was December 27, 1985.

5. The date of finality was January 1, 1985.[3]

6. The amount involved is $1,350.87, including interest and penalties through December 31, 1985, plus additional interest and penalties at the rate of $21.44 per month or fraction thereof until paid in full.

## CONTENTIONS OF THE PARTIES

The County urges that the claim arose on November 27, 1985, when the bills were sent out. The debtor urges that the claim arose when the tax became fixed as to liability on July 1, 1985, and even if the subject property were sold or destroyed, the tax would remain the same.[4] Debtor

urges that there may not be any administrative claim allowed in this situation.

The essence of the County's case is set forth in its reply as follows:

"The central issue, therefore, is what is meant by the phrase 'incurred by the estate'. The clear and ordinary meaning of 'incurred' is to have a liability cast upon one by operation of law. Black's Law Dictionary, 4th Ed., 1951, Bouvier's Law Dictionary, 3rd Revision, 1914, Ballantine's Law Dictionary, 3rd Edition, 1969. In the context of taxation, the term 'incurred' is clearly synonymous with 'assessed', 'levied', or 'imposed'. In *Baltimore County v. Xerox Corporation*, 41 Md.App. 465, 397 A.2d 278, *aff'd*, 286 Md. 220, 406 A.2d 917 (1979) the Court of Special Appeals stated at 285,

'While a taxpayer's obligation to pay his taxes is not suspended or postponed because of the pendency of a protest or an appeal, the personal property must be legally assessed *and the tax legally billed before that obligation attaches.*' (Emphasis added)."

The County argues that based upon *Xerox* before a personal property tax is incurred, there must be valuation, a formal imposition of the tax rate, and action undertaken to collect the tax. The debtor in possession argues otherwise relying upon *In re Overly-Hautz Co.*, 57 B.R. 932, 937 (BC N.D. Ohio 1986), for the proposition that "a tax

---

1. The 1984 amendments to the Code failed in certain instances to amend provisions of the Code that referred to § 507(a)(6) to reflect the fact that, after the amendments, by the inclusion of a new fifth priority in § 507(a), § 507(a)(6) became 507(a)(7). Thus, while language of § 502(i) refers to § 507(a)(6), it is clear that it should not refer to § 507(a)(7). *See In re Draggoo Electric Co.*, 57 B.R. 916, 920 n. 2 (BC N.D.Ind.1986).

2. The request filed by Montgomery County dealt with Md.Ann.Code Art. 81 (1980 Repl.Vol.). In its reply to the opposition of the debtor in possession, the County makes reference to Maryland Tax-Property Code (1986). This reflects the codification accomplished by ch. 8, Acts (1985) of the General Assembly of Maryland. The codification took effect on February 1, 1986. The court has therefore considered the

case under the law prior to the codification, since the period in question occurred prior to the enactment date. The court does not believe the result would be any different under the 1986 codification.

3. This is defined in Md.Code Ann. Art. 81, § 2(20) (1980 Repl.Vol.), "The phrase '*date of finality*' means the date as of which assessments become final for the taxable year next following, subject only to correction as herein authorized."

4. In fact, Maryland law was that if the personal property were totally destroyed after the date of finality for a taxable year, but prior to July 1, no taxes are due and payable. There would be an abatement of one-half if the property were destroyed in the first six months. *See* Md.Code Ann. Art. 81, § 31(g) (1980 Repl.Vol.)

is incurred on the date it accrues, not on the date of the assessment or the date it is payable."

## DISCUSSION

The County's reliance on *Xerox* is misplaced. That case involved an attempt by a Baltimore County to avoid a refund of a tax and to dishonor any rightful attempts by the taxpayer to set off refunds due against current taxes. The language of that case may be made easier to understand in its application here by repeating more of the Court of Special Appeals opinion, including the underlying statute in effect:

Appellant's [Baltimore County's] argument that the trial court erred in not allowing it interest on back taxes is similarly unavailing. Article 81, § 48(c) is clear on the subject of when interest begins to accrue on unpaid personal property taxes:

"On the day taxes are due, liability for taxes and a first lien for their payment attach to the property. *No interest or penalties may be charged or collected on any taxes covered by this section until at least thirty days after the bill for the taxes has been mailed to the taxpayer's address ...*" (Emphasis supplied.)

While a taxpayer's obligation to pay his taxes is not suspended or postponed because of the pendency of a protest or an appeal, the personal property must be legally assessed and the tax legally billed before that obligation attaches. *See Brown v. Montgomery Co.*, 30 Md.App. 107, 112–13, 351 A.2d 156 (1976), *cert. den.*, 277 Md. 735 (1976).[5]

*Baltimore County v. Xerox Corp.*, 41 Md. App. 465, 397 A.2d 278, 285 (1979), *aff'd* 286 Md. 220, 406 A.2d 917 (1979). Maryland law is unmistakable. The liability for the tax and a first lien for payment attach when the taxes are due.[6] The billing date is significant only insofar as it triggers the imposition 30 days later of interest and penalties. The resolution of the *Xerox* case was that the taxpayer could not be liable for *interest* on unpaid personal property taxes for tax years 1974 through 1976 until it received a tax bill and was delinquent in the payment of the tax bill. 397 A.2d at 285. Nevertheless, the obligation to pay the taxes remained at all times.

The court finds under Maryland law that the due date for payment of taxes is July 1 with regard to annual tax bills and that the subject personal property taxes of Terminals Unlimited were due on July 1, 1985, prior to the filing of this Chapter 11 petition. Therefore, the claim of Montgomery County appears to be a priority claim under 11 U.S.C. § 507(a)(7)(B), which states as follows:

§ 507 *Priorities.*

(a) The following expenses and claims have priority in the following order:

\* \* \* \* \* \*

(7) Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

\* \* \* \* \* \*

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition.

An order will be entered in accordance with the foregoing.[7]

---

**5.** The words "that obligation" in the segment quoted previously refer back to the interest and penalties. The case of *Brown v. Montgomery Co.*, 30 Md.App. 107, 351 A.2d 156 (1976), *cert. den.*, 277 Md. 735 (1976), dealt with a redemption after tax sale and the question as to whether the taxpayers were required to pay interest, penalties, and advertising, notwithstanding the fact that the appeal board reduced the assessment after the tax sale. That case is pertinent for the citation in that it deals with the obli-gation to pay taxes even though there is a pending appeal.

**6.** Taxes are due July 1. *See* Md.Ann.Code Art. 81, § 48(a) (1980 Repl.Vol.).

**7.** The parties have spent some time investigating the significance of 11 U.S.C. § 502(i). The court finds that this case may be determined without an analysis of this statute, assuming that such an analysis is possible. The claim in issue arose before the filing of the petition.

The legislative history of this subsection is set out in 4 Norton Bankr. Legis. History § 502 pp. 289–301. *See generally, Collier on Bankruptcy,* 15th Ed. § 502.09. *See also, In re Carlisle Court, Inc.,* 36 B.R. 209, 217 (BC D.C.1983).