In re SYLVIA DEVELOPMENT CORPORATION, Debtor.

Bankruptcy No. 94–1–1117–DK.

United States Bankruptcy Court, D. Maryland.

Feb. 16, 1995.

As Corrected March 10, 1995.

Rita Kaufman Grindle, Riverdale, MD, for applicant.

Tracy Mulligan, Rockville, MD, for debtor.

### MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

The court has before it an unopposed Application for Payment of Real Property Taxes as an Administrative Expense filed by Calvert County, Maryland (hereinafter, County). The County requests payment of post-petition real property taxes for fiscal year 1995 in the amount of 15,540.51, plus interest and penalties at rate of 116.20 per month from October, 1994. After consideration of the Application and applicable law, the court will disallow the request for payment of the post-petition real property taxes as an administrative expense.

The County correctly asserts that the unpaid taxes on real property are liens on the real property in respect to which they are imposed from the date they became or become payable. Md.Code Ann.Tax–Prop. § 14–804(a) (1994).[1] Upon the filing of Debtor's petition, however, the automatic stay prohibited any act to create, perfect or enforce any lien against property of the estate, 11 U.S.C. § 362(a)(4), thus limiting the County's ability to perfect its interest. With respect to real property taxes, however, the County's lien attaches despite the filing. The Court of Appeals for the Fourth Circuit has held that the "[i]mposition of that tax lien ... was only the last—not the first—step required to perfect the State's long-standing interest in the real property in question, and a step which, under Maryland law, no entity could prevent." *Md. Nat. Bank v. Mayor & City Council of Baltimore (In re Maryland Glass Corp.)*, 723 F.2d 1138, 1143–44 (4th Cir.1983).[2] Hence, there is no dispute that the County is a secured creditor for the post-petition real property taxes.[3]

The issue now before the court is the treatment of this secured claim as an administrative expense. 11 U.S.C. § 503(b) provides as follows:

§ 503. Allowance of administrative expenses

§ 503(b)(1): After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title including—

(B) any tax—

(i) incurred by the estate, except a tax of a kind specified in section 507(a)(7) of this title [4]; or

---

1. Similarly, all unpaid taxes on personal property are liens on the personal property and the real property of the owner of the personal property in the same manner in which taxes on real property would be liens on the real property with respect to which they are imposed in all subdivisions of the State; provided that the lien will attach to real property after notice and recordation. Md. Code Ann.Tax–Prop. § 14–804(b) (1994).

2. Under the Bankruptcy Reform Act of 1994, § 362 has been amended to provide an exception to the automatic stay for post-petition property taxes, "(18) under subsection (a) of the creation or perfection of a statutory lien for an ad valorem property tax imposed by the District of Columbia, or a political subdivision of a State, if such tax comes due after the filing of the petition."

3. The secured status of post-petition personal property taxes, however, is less clear. The Fourth Circuit decision did not extend, and has not been extended, to personal property taxes. In dicta, the court stated that "[a]s to all those taxes [movable personalty], arguments might be made that perfection of the State's security interests for taxation purposes might not be effective against a *bona fide* purchaser and, hence, that the trustee might avoid the asserted lien without running afoul of § 546(b)." *Md. Nat. Bank v. Mayor & City Council of Baltimore (In re Maryland Glass Corp.)*, 723 F.2d 1138, 1144 (4th Cir. 1983). The disparate treatment of real and personal property taxes has been changed by the Bankruptcy Reform Act of 1994. The amendment to § 362(b) excepts from the automatic stay creation and perfection of post-petition ad valorem property taxes without distinction of real or personal property.

4. 11 U.S.C. § 507(a)(7):

Seventh, allowed unsecured claims of governmental units, only to the extent that such claims are for—

(A) a tax on or measured by income or gross receipts—

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

(E) an excise tax on—

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) attributable to an excessive allowance of a tentative carryback adjustment that the estate received, whether the taxable year to which such adjustment relates ended before or after the commencement of the case; and

(iii) any fine, penalty or reduction in credit relating to a tax of a kind specified in subparagraph (B) of this paragraph.

Although § 503(b)(1)(B)(i) appears to grant an administrative expense for any tax incurred by the estate, such a simplistic analysis ignores the effect of *Maryland Glass,* wherein the post-petition real property taxes are secured by liens on the Debtor's real property, rather than unsecured. The County, as first lien holder, is entitled to priority payment of its taxes from disposition of the encumbered property. Md.Code Ann.Tax–Prop. § 14–805(a) (1994).

Section 503(b) sets forth those expenses which shall be have first priority pursuant to 11 U.S.C. § 507(a)(1). After provision for payment of § 503(b) expenses, § 507 sets forth the priority of certain types of unsecured claims. 11 U.S.C. § 507(a)(2)–(8). This statutory scheme which grants administrative expenses a first priority "... only applies if the right to payment of such expenses is unsecured," *In re Boston Harbor Marina Co.,* 157 B.R. 726, 733 (Bankr. D.Mass.1993). This court agrees with that determination. All other priorities pursuant to § 507(a) explicitly refer to unsecured claims. Furthermore, the allowance of a secured claim as an administrative claim could yield a windfall to the secured creditor, to the detriment of the unsecured creditors.

Pursuant to Maryland Law, not only is the county a secured creditor, but has a priming lien on the real property of the debtor for real property taxes. If the county's secured claim were also allowed as an administrative expense, it would have a first priority right to be paid from any unencumbered funds of the debtor pursuant to 11 U.S.C. § 507(a)(1). Payment from such other unencumbered sources would extinguish the county's encumbrance upon the real estate allowing the secured creditor holding a consensual lien subordinate to the tax lien to have its collateral position enhanced. If the property is over encumbered, in effect, the money paid from unencumbered funds to the county would dollar for dollar enhance the recovery by the undersecured creditor. Absent such payment, the deficiency portion of an undersecured claim would be an unsecured claim pursuant to 11 U.S.C. § 506(b) and share pro-rata with other unsecured claims. No where is there statutory support for such post-petition enhancement of the undersecured creditor. Accordingly, this court finds that where the county has filed an application for allowance of administrative claim for a secured claim, it must be disallowed. This would include claims for real estate taxes for cases filed both before and after the effective date of the Bankruptcy Reform Act of 1994 because, as aforesaid, the opinion in *Maryland Glass* allows the automatic perfection of post-petition real estate tax liens. This would also apply to personal property tax claims arising in cases filed after the effective date (October 22, 1994) of the Bankruptcy Reform Act due to the amendment contained in the Reform Act as noted in footnote three above. Because this Court finds that the opinion of *Maryland Glass* does not extend to personal property taxes, it would appear that an application for allowance of a post-petition personal property tax as an administrative expense would not be disallowed

---

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;

(F) a customs duty arising out of the importation of merchandise—

(i) entered for consumption within one year before the date of the filing of the petition;

(ii) covered by an entry liquidated or reliquidated within one year before the date of the filing of the petition; or

(iii) entered for consumption within four years before the date of the filing of the petition but unliquidated on such date, if the Secretary of the Treasury certifies that failure to liquidate such entry was due to an investigation pending on such date into assessment of antidumping or countervailing duties or fraud, or if information needed for the proper appraisement or classification of such merchandise was not available to the appropriate customs officer before such date; or

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

Post-petition real property taxes do not fall within § 507(a)(7).

in a pre-Bankruptcy Reform Act case, under the reasoning of this opinion.