**In re WANG ZI CASHMERE PRODUCTS, INC.,
Debtor.**

**Bankruptcy No. 95–5–0993–SD.**

United States Bankruptcy Court,
D. Maryland.

Oct. 23, 1996.

Barbara M. Cook, County Solicitor, Katherine L. Taylor, Senior Assistant County Solicitor, Howard County Office of Law, Ellicott City, MD, for Howard County, MD.

## MEMORANDUM DENYING MOTION FOR PAYMENT OF PERSONAL PROPERTY TAXES AS AN ADMIN-ISTRATIVE EXPENSE

E. STEPHEN DERBY, Bankruptcy Judge.

### I.  Statement of Issues.

Before the court is the motion of Howard County, Maryland for payment of personal property taxes as an administrative expense. The Chapter 7 Trustee opposed this motion because the personal property, namely, inventory, furniture and equipment, had been sold by the Trustee before the beginning of the tax year, although after the date of finality for fixing the assessment.  Because the extent of a Chapter 7 Trustee's obligation to file Maryland personal property tax returns was involved, the court requested the United States Trustee to comment.  The United States Trustee responded, and the court has found the U.S. Trustee's comments quite helpful.

### II.  Findings of Fact.

This case was commenced on February 10, 1995 by an involuntary petition under Chapter 7.  An order for relief was entered on February 21, 1995, and immediately thereafter on the same day, debtor's motion to convert to Chapter 11 was granted.  In cooperation with its secured creditors, debtor sold its inventory and some office furniture by private sale on notice in late March or early April, 1995.  The case was converted to Chapter 7 by order entered on May 26, 1995, and the Chapter 7 Trustee was appointed on the same day.  On twelve days' notice, approved by the court and mailed on June 23, 1995, the Trustee sold by private sale debtor's remaining furniture and equipment for $6,800.00.

Howard County holds a claim for $10,-207.81 in personal property taxes for the year beginning July 1, 1995, plus interest and penalties.  In Maryland, personal property

Monique D. Almy, Ober, Kaler, Grimes & Shriver, Baltimore, MD, for Debtor.

George W. Liebmann, Chapter 7 Trustee, Baltimore, MD.

taxes become due on July 1 of each year. Md.Tax–Prop.Code Ann. § 10–102(a) (1994 Repl.Vol.). Because the personal property taxes came due after the order for relief was entered, and after the case was reconverted to Chapter 7, Howard County asserts that they constitute a Chapter 7 administrative expense.

### III. Conclusions of Law.

The date of finality as of which the value of personal property is fixed in Maryland for personal property tax purposes is the January 1 preceding the beginning of the tax year. Md.Tax–Prop.Code Ann. §§ 8–107(a), 1–101(i). " 'Date of finality' means January 1, when assessments become final for the taxable year next following." *Id.* at § 1–101(i). Assessment means "for personal property, the value to which the property tax may be applied." *Id.* at § 101(c)(2). Therefore, in the instant case the date of finality as of which the value of personal property being taxed became final was prepetition, namely, January 1, 1995, for the taxes that were first due postpetition on July 1, 1995.

The tax return on which a personal property assessment is calculated is due on April 15. *Id.* at § 11–101(a). This date occurred during the Chapter 11 administration of this case, although the debtor-in-possession did not file a personal property tax return.

The owner of personal property on the January 1 date of finality is liable for the personal property tax, unless otherwise provided. *Id.* at § 10–401. If there is a transfer of all personal property between January 1 and July 1, the transferee, and not the transferor, will be liable for the personal property tax that becomes due on July 1, if a report is promptly filed before October 1. *Id.* at § 10–402(b). Otherwise, both transferor and transferee are jointly and severally liable for the personal property taxes. *Id.* at § 10–402(b)(2). Here, no such report was filed by either the debtor-in-possession or by the Chapter 7 Trustee. Therefore, the debtor's bankruptcy estate is subject, jointly and severally, to a claim by Howard County for the full amount of the personal property taxes first due on July 1, 1995. The issue is whether this claim is an administrative claim based on the due date for the taxes or treated as a prepetition tax priority claim based on the date of finality.

Howard County's claim for the personal property taxes is a prepetition claim. The term "claim" is defined in the Bankruptcy Code to include any right to payment. 11 U.S.C. § 101(5). This right to payment need not be fixed and may be contingent or unliquidated. *Id.* From and after January 1, 1995, i.e. both on February 10, 1995 when the involuntary petition was filed and on February 21, 1995 when the order for relief was entered, Howard County's claim was a contingent and unliquidated claim against Debtor. It was contingent because the 1995 due date had yet to pass. It was unliquidated because the State and County had not yet set the tax rates and because the assessment valuation—based on Debtor's personal property tax return due on April 15, 1995 that had not been filed—had not yet been made. Therefore, this claim qualifies under the definition of "claim" in 11 U.S.C. § 101(5) and Howard County held the subject personal property tax claim as of the commencement of the case.

As a prepetition claim, Howard County's claim for the 1995–96 personal property taxes does not qualify as an administrative claim. 11 U.S.C. § 503. A tax must have been "incurred by the estate" before it can acquire administrative expense status. 11 U.S.C. § 503(b)(1)(B)(i). A claim which Howard County had against Debtor prepetition could not have been incurred by the estate. *In re Friendship College, Inc.,* 737 F.2d 430, 431 (4th Cir.1984). The estate was created when the petition was filed, and any claim which arose before this time was incurred by Debtor and not by the estate. *Id.* Therefore, Howard County's claim is not entitled to an administrative expense priority, and it is entitled to priority treatment only to the extent it qualifies for one of the other priorities set forth in Section 507 of the Bankruptcy Code. 11 U.S.C. § 507.

While Howard County's claim may not be given a first priority under 11 U.S.C. § 507(a)(1), it may acquire a priority under 11 U.S.C. § 507(a)(8)(B). Section

507(a)(8)(B) assigns an eighth priority to "a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition; ...". The subject personal property tax falls within this definition because the January 1, 1995 date of finality when the assessment became final was prepetition, and the date the personal property taxes were last payable without penalty was September 30, 1995, which was after one year before the date the petition in this case was filed. Md.Tax–Prop.Code Ann. § 10–102(b). The phrase in 11 U.S.C. § 507(a)(8)(B) that a tax be last payable "after one year before the date of the filing of the petition" does not limit itself either to a prepetition or a postpetition period.

The focus of Section 507(a)(8)(B) is on the time of assessment of the tax and not on the due date of the tax, as a result of an express choice by Congress. Formerly, Section 64a of the Bankruptcy Act provided a fourth priority to "taxes which became legally due and owing by the bankrupt to the United States or to any State or subdivision thereof which are not released by a discharge in bankruptcy." 11 U.S.C. § 104(a)(14) (Supp. 1978). When Congress replaced the Bankruptcy Act with the Bankruptcy Code in 1978, it no longer required the courts to determine when taxes are "legally due and owing". 3 Collier on Bankruptcy ¶ 507.04.8a (15th ed. 1996). Instead, the Code formulation in § 507(a)(8)(B) utilizes the formula stated above, which is based on the time when the tax is assessed and on the last day that the tax can be paid without penalty. Thus, it is appropriate to look at the date when the tax was assessed and when it can last be paid without penalty, although the tax may have been first "legally due and owing" on a different date.

Because in Maryland tax rates are set at several times when the various State, county and municipal governing authorities act, and because personal property tax bills are issued at various times depending on when personal property assessments are processed, only the date of finality is a uniform demarcation for the assessment of property taxes. See Md.Tax–Prop.Code Ann. §§ 6–301(a), 6–302(a), 6–303(a), 10–102(d). Although the date of finality is the date as of which the value of personal property is finally assessed for property tax purposes, it is also the date as of which the owner that is liable for the personal property tax is determined. *Id.* at §§ 1–101(c)(2), 1–101(i), 10–401. All that remains after personal liability and value are fixed is the ministerial act of applying the tax rate, when determined, to the personal property tax assessment. While an owner of personal property might escape the tax entirely if both the property was sold before July 1 and a report was timely filed, the owner as of the January 1 date of finality is liable if, as here, both have not occurred. For these reasons, Maryland's date of finality as of which values are assessed for personal property taxes and ownership is determined to establish liability for the taxes is the date the property tax is assessed for purposes of Section 507(a)(8)(B) of the Bankruptcy Code.

As a claim for property taxes under 11 U.S.C. § 507(a)(8)(B), the subject personal property taxes are excluded as an administrative expense under 11 U.S.C. § 503(b). Section 503(b)(1)(B)(i) identifies as an administrative expense any tax incurred by the estate, "except a tax of a kind specified in Section 507(a)(8) ...". Section 503 deals solely with the allowance of administrative expenses, and it leaves the priority of payment of property taxes to § 507(a)(8). Section 503(b)(1)(B)(i) provides in substance that if a tax is incurred by the estate, and if it is the kind of tax specified in § 507(a)(8), it is not to be accorded administrative expense status. Rather, it receives priority treatment. The issue under § 503(b)(1)(B)(i) for taxes that are described by § 507(a)(8) is whether the tax was incurred and is a claim against the estate, and not when it was incurred by the estate.

Even if Howard County's personal property tax claim is considered to have arisen when it was due on July 1, 1995, postpetition, the claim would be treated as if it was a prepetition claim. Section 502(i) provides: "A claim that does not arise until after the commencement of the case for a tax entitled to priority under Section 507(a)(8) ... shall

be allowed ... the same as if such claim had arisen *before* the date of the filing of the petition." (Emphasis supplied). Therefore, even if the property taxes had been incurred by the estate, Howard County's claim would be treated as if it had arisen prepetition and would only receive an eighth priority.

To the extent that *In re Broadway 704–706 Associates,* 154 B.R. 44 (Bankr.S.D.N.Y. 1993) incorporates a contrary result in an analogous situation for a real property tax deficiency claim under New York law that was classified based on the due date of the tax, this aspect of the ruling was not explained; and the court will not follow it by analogy. The conclusion reached in this opinion as to personal property taxes, however, does not appear to be applicable to real property taxes. Under Maryland law, real property taxes, unlike personal property taxes, effectively constitute a perfected lien on the subject real property as of the July 1 due date for property taxes, regardless whether they were due prepetition or postpetition. *Maryland National Bank v. Mayor & City Council of Baltimore,* 723 F.2d 1138 (4th Cir.1983).

The court's opinion in *In re Terminals Unlimited, Inc.,* 63 B.R. 419 (Bankr.D.Md. 1986) is not inconsistent with the analysis of §§ 502, 503 and 507 which is set forth above. In *Terminals Unlimited* the issue presented was whether the issuance of a postpetition personal property tax bill meant that the claim was accorded an administrative expense priority, when the tax was due on July 1, 1985 and the petition was filed on September 5, 1985. The court held that the date the bill was issued was relevant only to the liability for interest and penalties on the property tax debt, and it did not control whether it constituted an administrative expense. *Id.* at 421. The court did not need to reach, and did not reach, the significance of the date of finality. *Id.* at 421 and n. 7.

For these reasons, the motion of Howard County to allow payment as an administrative expense of the personal property taxes for the year beginning July 1, 1995 will be denied.

### IV. Summary of Result.

 In summary, when a business entity in Maryland files a bankruptcy case between January 1 and July 1, a personal property tax of the debtor that is assessed as of the January 1 date of finality preceding the petition date is a priority claim, as if it were prepetition, and not an administrative claim, although the personal property tax will not be first due until July 1, postpetition. In the instant case, although the debtor-in-possession and later the Chapter 7 Trustee sold the debtor's personal property, because no report of the transfer was timely filed before October 1, 1995, the estate remains subject to a joint and several claim for the personal property taxes first due on July 1, 1995 as a priority claim.