## In re THE PASTA CAFÉ CORPORATION, d/b/a West End Grill, Debtor.

### No. 00–20393.

United States Bankruptcy Court, D. Maryland, at Greenbelt.

Sept. 26, 2002.

Nadean Pedersen, Assistant County Attorney for Montgomery County.

James S. Williford, Jr., Rockville, MD, Counsel for Debtor.

## MEMORANDUM OPINION

DUNCAN W. KEIR, Bankruptcy Judge.

This case came before the court upon Montgomery County, Maryland's (the "Movant") Motion for Allowance and Payment of Personal Property Taxes as an Administrative Expense (the "Motion"). The court has considered the Motion, has heard oral argument, and has decided for the reasons stated herein, to deny the Motion.

On September 27, 2000, the Pasta Café Corporation, doing business as the West End Grill, filed a petition under Chapter 11 of the Bankruptcy Code. The case was subsequently converted to a case under Chapter 7 on June 18, 2001. The debtor filed its schedules on November 6, 2000. The debtor listed the Montgomery County Division of Revenue as a creditor on both Schedule D, Creditors Holding Secured Claims, and Schedule E, Creditors Holding Unsecured Priority Claims. On Schedule D, Movant was scheduled as holding a claim for personal property taxes of approximately $1,000. Schedule D also listed $1,000 of the claim as unsecured. Schedule E stated that the Movant's claim was incurred in 2000, and that the total amount of the claim of $1,000 is entitled to priority.

On January 14, 2002, the Movant filed the Motion. The Motion asserted that the estate incurred personal property tax liability for the year 2000 of $843.14, plus additional interest and penalties, since the commencement of the case. The Motion states that these taxes are personal property taxes the County imposed on the state's assessment of the value of personal property, pursuant to Section 6–202 of the Tax Property Article of the Annotated Code of Maryland. The State's assessment of the value of personal property is certified to the County pursuant to Sections 8–420 and 8–417 of the Tax Property Article. Movant asserts that the State's assessment of the debtor's personal property was certified to the County on the dates shown in the Certificate. The County imposed the personal property taxes by the mailing of its tax bills on the dates shown in the Certificates, and no part of the taxes have been paid.

The Motion acknowledges, "[t]his case commenced on September 27, 2000." The Motion asserts, "[l]iability for the personal property tax was incurred, after the commencement of this case, on the tax due date of July 1 of the tax year [2000]."[1]

---

**1.** This statement is self-evidently incorrect. Even if the tax was "incurred" on July 1 of

The Motion seeks treatment of the tax claim as an administrative expense, pursuant to 11 U.S.C. §§ 503(b)(1)(B) and (C) [2]. Alternatively, the Motion states that to the extent that this claim is not allowable as an administrative expense, it should be entitled to priority as a tax claim under Section 507(a)(8).

Section 503 governs the allowance of administrative expenses. Section 503(b)(1)(B)(i) provides:

> (b) After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) [3] of this title, including—
>
> (1)(B) any tax—
>
> (i) *incurred by the estate,* except a tax of a kind specified in section 507(a)(8) of this title

11 U.S.C. § 503(b)(1)(B)(i) (emphasis added).

As the "estate" is created upon the filing of the petition instituting the bankruptcy case, only taxes incurred by a trustee or debtor in possession post-petition, may be allowed administrative expenses. *In re Wang Zi Cashmere Products, Inc.,* 202 B.R. 228, 230 (Bankr.Md. 1996). Even assuming the tax was incurred on July 1, 2000, as urged by Movant, the tax was not incurred post-petition and therefore cannot be allowed as an administrative expense.

The court should not be read to accept the July 1 date as the date the tax was incurred. The Movant cited *Terminals Unlimited, Inc.,* 63 B.R. 419 (Bankr.Md. 1986) in support of this assertion. Although the *Terminals Unlimited* case is not the most recent authority on this subject in this District, it does provide guidance regarding the due date of a tax claim. Terminals Unlimited, Inc., filed its chapter 11 petition on September 5, 1985. *Id.* at 420. The tax in question was upon personal property for the year beginning July 1, 1985, and ending June 30, 1986. *Id.* The tax bill was mailed to the debtor on November 27, 1985. *Id.* The last date that the tax could be paid without penalty was December 27, 1985. *Id.* The date of finality, or the date the tax assessment became final, was January 1, 1985. *Id.* Montgomery County, Maryland was also the Movant in the *Terminals Unlimited* case. It asserted that the claim arose on November 27, 1985, when the bills were mailed, post-petition. *Id.* The debtor, on the other hand, argued that the claim arose when the tax became fixed as to liability on July 1, 1985. *Id.* The court held that "Maryland law is unmistakable. The liability for the tax and a first lien for payment attach when the taxes are due." *Id.* at 421.[4] The court further stated:

> The court finds under Maryland law that the due date for payment of taxes is July 1 with regard to annual tax bills and that the subject personal property taxes of Terminals Unlimited were due on July 1, 1985, prior to the filing of this Chapter 11 petition.

*Id.* Accordingly, as the court in *Terminals Unlimited* held, tax claims are due and

---

2000, that date is not after the commencement of the case on September 27, 2000.

**2.** Hereafter, all code sections refer to the United States Bankruptcy Code found at Title 11 of the United States Code unless otherwise noted.

**3.** Section 502(f) pertains only to involuntary cases and is inapposite to this matter.

**4.** Section 10–102(a) of the Tax–Property Article of the Annotated Code of Maryland, provides that except as otherwise provided, property tax is due on July 1 in each taxable year. MD CODE ANN., TAX-PROP. § 10–102 (2001 Replacement Volume).

payable on July 1 of the taxable year. As July 1, 1985 was prior to the filing of the petition in the *Terminals Unlimited* case, the taxes constituted a pre-petition claim.[5]

This court notes that the more recent case of *In re Wang Zi Cashmere Products, Inc.*, 202 B.R. at 228, provides further guidance regarding the applicability of Section 503 to Maryland personal property tax claims. In the *Wang Zi Cashmere Products, Inc.* case, the taxes were assessed on January 1, 1995. *Id.* at 230. An involuntary petition was filed commencing the bankruptcy case on February 10, 1995, and an order for relief in the bankruptcy case was entered on February 21, 1995. *Id.* at 229. The taxes were not due until July 1, 1995, and could be paid without penalty until September 30, 1995. *Id.* at 231. The court also found that this tax claim was a pre-petition claim.

In its decision, the court relied upon the fact that claim is defined in Section 101(5) to include any right to payment, whether it is contingent or unliquidated. *Id.* at 230.

From January 1, 1995, the date of finality onward, the tax claim was a "contingent and unliquidated claim against the debtor." *Id.* The tax was contingent as the 1995 due date had not passed. *Id.* It was unliquidated because the claimant had not set the tax rates and the assessment valuation had not been made yet. *Id.* Applying the definition of claim, the court held that the County held the subject personal property tax claim prior to the commencement of the case.

Reading the *Terminals Unlimited* and the *In re Wang Zi Cashmere* cases together, a creditor holds a liquidated claim on the due date for the taxes, July 1, but the creditor also holds an unliquidated and contingent claim from the date of assessment, January 1, and therefore, personal property tax is incurred on January 1.

■ The Motion requests in the alternative that if the tax claim is unallowable as an administrative expense, it should be granted priority treatment pursuant to Section 507(a)(8).[6] However, the Movant

---

**5.** It was not necessary for the court in *Terminals Unlimited* to determine if the tax was incurred prior to the tax date.

**6.** Section 507(a)(8) provides as to priority:

Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for–

(A) a tax on or measured by income or gross receipts–

(i) for a taxable year ending on or before the date of the filing of the petition for which a return, if required, is last due, including extensions, after three years before the date of the filing of the petition;

(ii) assessed within 240 days, plus any time plus 30 days during which an offer in compromise with respect to such tax that was made within 240 days after such assessment was pending, before the date of the filing of the petition; or

(iii) other than a tax of a kind specified in section 523(a)(1)(B) or 523(a)(1)(C) of this title, not assessed before, but assessable, under applicable law or by agreement, after, the commencement of the case;

(B) a property tax assessed before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition;

(C) a tax required to be collected or withheld and for which the debtor is liable in whatever capacity;

(D) an employment tax on a wage, salary, or commission of a kind specified in paragraph (3) of this subsection earned from the debtor before the date of the filing of the petition, whether or not actually paid before such date, for which a return is last due, under applicable law or under any extension, after three years before the date of the filing of the petition;

(E) an excise tax on–

(i) a transaction occurring before the date of the filing of the petition for which a return, if required, is last due, under

also asserts that pursuant to Section 14–804 of the Tax–Property Article of the Annotated Code of Maryland, the tax claim is secured by a statutory lien upon the personal property assessed for the tax. Section 14–804 of the Tax–Property Article governs the placement of a lien on the property on which a tax is assessed. Section 14–804(b) provides:

> *Personal Property.*—All unpaid tax on personal property is a lien on the personal property and on the real property of the owner of the personal property in the same manner in which taxes on real property are now liens on the real property with respect to which they are imposed in all subdivisions of the State; provided that the lien will attach to the real property only after the notice has been recorded and indexed among the judgment records in the office of the clerk of the circuit court in the county where the land lies, or is recorded and indexed on the tax rolls of the subdivision. Any subdivision, in lieu of recording in the appropriate court, may use a lien reporting system, and any subdivision so doing shall provide, on request, a lien report or memorandum with respect to any particular person.

MD. CODE ANN., TAX–PROP. § 14–804(b) (2001 Replacement Volume).

Accordingly, it would appear that pursuant to the Tax–Property Article, the tax claim is a secured claim. Section 507(a)(8) only provides priority treatment to "unsecured claims" of governmental units. If the tax claim is in fact a secured claim pursuant to Section 14–804 of the Tax–Property Article, then it would not be entitled to an unsecured priority under Section 507(a)(8).[7] As the tax was computed upon the value of personal property and formed a statutory priming first lien upon such property, it appears that it was a secured claim on the petition date. No evidence was offered to demonstrate that the claim was other than secured. Therefore, the alternative treatment under Section 507(a)(8) must also be denied.

An order will be entered in accordance with the foregoing.

---

applicable law or under any extension, after three years before the date of the filing of the petition; or

(ii) if a return is not required, a transaction occurring during the three years immediately preceding the date of the filing of the petition;

(F) a customs duty arising out of the importation of merchandise—

(i) entered for consumption within one year before the date of the filing of the petition;

(ii) covered by an entry liquidated or reliquidated within one year before the date of the filing of the petition; or

(iii) entered for consumption within four years before the date of the filing of the petition but unliquidated on such date, if the Secretary of the Treasury certifies that failure to liquidate such entry was due to an investigation pending on such date into assessment of antidumping or countervailing duties or fraud, or if information needed for the proper appraisement or classification of such merchandise was not available to the appropriate customs officer before such date; or

(G) a penalty related to a claim of a kind specified in this paragraph and in compensation for actual pecuniary loss.

11 U.S.C. § 507(a)(8).

7. This court also notes, that if the tax claim was in fact a secured claim as of the petition date, then this case would also come under the rationale of *In re Sylvia Development Corporation*, 178 B.R. 96 (Bankr.Md.1995). In that case, this court held that a secured tax lien can not also receive administrative expense priority as it would result in a windfall to the creditor. As such, this would further support the court's denial of administrative expense priority to the Movant.