**United States Court of Appeals**
**FOR THE EIGHTH CIRCUIT**

_____

No. 97-2250

_____

In re:  Fairfield Communities, Inc.,            *
                                                *
            Debtor.                             *
------------------------                        *
                                                *
Fairfield Communities, Inc.,                    *
                                                *
            Debtor-Appellant,                   *
                                                *
      v.                                        *
                                                *
Phyllis G. Daleske; Marie L.                    *   Appeal from the United States
Eschenbach; Robert E. Fiedler;                  *   District Court for the
Shirley M. Fiedler; Charles B. West;            *   Eastern District of Arkansas.
Doris J. West; D. White, and Company            *
Incorporated; Joan L. White, doing              *
business as D.A. White Enterprises;             *
William M. Storm; Bernice Storm;                *
James Skrien; Liesel Skrien; Charles            *
Decker; Mildred Decker; Dean Hall;              *
Carolina Hall; Donald C. Rickard;               *
Louis Teutsch; Geri Teutsch; Russell            *
Lee; Charlotte Lee; Barbara Foster;             *
George Forsythe; Dorothy Forsythe;              *
Jose D. Gallegos; Patricia M. Gallegos;         *
William A. Lucas; Nick Quaglietta;              *
Charles B. West,                                *
                                                *
            Claimants-Appellees,                *
-----------------------                         *
                                                *

In Re:  Fairfield Communities, Inc.,                        *
                                                           *
                  Debtor.                                  *
------------------------                                   *
                                                           *
William M. Storm; Bernice Storm;                           *
James Skrien; Liesel Skrien; Charles                       *
Decker; Mildred Decker; Dean Hall;                         *
Carolina Hall; Donald C. Rickard;                          *
Elaine G. Rickard; Louis Teutsch; Geri                     *
Teutsch; Russell Lee; Charlotte Lee;                       *
Barbara Foster; George Forsythe;                           *
Dorothy Forsythe; Jose D. Gallegos;                        *
Patricia M. Gallegos; William A. Lucas;                    *
Nick Quaglietta,                                           *
                                                           *
                  Claimants-Appellees,                     *
                                                           *
         v.                                                *
                                                           *
Fairfield Communities, Inc.,                               *
                                                           *
                  Debtor-Appellant,                        *
                                                           *
Phyllis G. Daleske; Arthur E.                              *
Eschenbach; Marie L. Eschenbach;                           *
Robert E. Fiedler; Shirley M. Fiedler;                     *
Charles B. West; Doris J. Weset; D.A.                      *
White & Company, Inc.; Joan L. White,                      *
doing business as D.A. White                               *
Enterprises,                                               *
                                                           *
                  Debtors.                                 *
--------------------------                                 *
                                                           *
In re:  Fairfield Communities, Inc.,                       *
                                                           *

Debtor.                          *
---------------------------      *
                                 *
Fairfield Communities, Inc.,     *
                                 *
        Debtor-Appellant,        *
                                 *
    v.                           *
                                 *
John E. Lobdell; Glinda S. Lobdell;   *
Robert E. Fiedler; Shirley Fiedler,   *
                                 *
        Claimants-Appellees.     *

_____

Submitted: January 16, 1998
Filed: April 27, 1998

_____

Before BOWMAN, WOLLMAN, and HANSEN, Circuit Judges.

_____

BOWMAN, Circuit Judge.

In 1993 and 1994, owners of property in a development in the Colorado mountains sued the developer, Fairfield Communities, Inc., in Colorado state court, alleging that Fairfield had imposed on them a fee that is invalid under Colorado law. Fairfield, which had emerged from Chapter 11 bankruptcy in 1992, then sued the property owners in the Bankruptcy Court for the Eastern District of Arkansas, the court that had presided over Fairfield's Chapter 11 case, alleging that the property owners' claims had been discharged when the Bankruptcy Court confirmed Fairfield's plan of reorganization. In the Bankruptcy Court, the property owners filed motions to dismiss Fairfield's suits for lack of subject matter jurisdiction. The Bankruptcy Court held that

-3-

it has jurisdiction over some but not all of Fairfield's claims. The District Court,[1] to which the Bankruptcy Court's decision was first appealed, held that the Bankruptcy Court does not have subject matter jurisdiction over any of Fairfield's claims. Fairfield now appeals to us. There are no issues of fact, and we review de novo the legal question of whether the Bankruptcy Court has jurisdiction.

Generally, once a bankruptcy debtor's reorganization plan has been confirmed, as Fairfield's plan was before Fairfield initiated this case, "the estate of the debtor, and thus the bankruptcy court's jurisdiction, ceases to exist." Norwest Equip. Fin., Inc. v. Nath (In re D & P Partnership), 91 F.3d 1072, 1074 (8th Cir. 1996). Nevertheless, even after the confirmation of a debtor's plan, "a bankruptcy court may explicitly retain jurisdiction [by stating so in the order confirming the plan] over aspects of a plan related to its administration and interpretation." Id. In this case, the Bankruptcy Court did state in the order confirming Fairfield's plan that it retained jurisdiction over cases involving the enforcement of the plan. The critical question is thus: does this case involve the enforcement of Fairfield's plan?

Fairfield argues that it does, because, according to Fairfield, the property owners' claims were discharged by the confirmation of the plan, and Fairfield is seeking to bar those claims on that basis. The confirmation order, however, discharges only claims against Fairfield that arose before the entry of that order. The plan has nothing whatsoever to do with claims arising after the confirmation date. Accordingly, this case could involve the plan only if the property owners' claims arose before the plan's confirmation. If, on the other hand, the property owners' claims arose postconfirmation, then this case lies outside the scope of the plan, and there is no basis for bankruptcy court jurisdiction. See In re Morgan & Morgan, Inc., 24 B.R. 518, 520-21 (S.D.N.Y.

---

[1]The Honorable Henry Woods, United States District Judge for the Eastern District of Arkansas.

1982), in which the bankruptcy court dismissed for lack of jurisdiction the debtor's suit to enjoin a postconfirmation action against it, and stated that:

> The debtor is not entitled to a permanent umbrella shielding it from all law suits . . . The order of confirmation marked the commencement of the period when a debtor was weaned from dependence on the bankruptcy court's injunctive powers so as to stand on its own feet with respect to post-confirmation matters . . . [There is no reason] to protect the debtor from post-confirmation suits bottomed on claims arising after the entry of the order confirming the plan of arrangement.

See also Pettibone Corp. v. Easley, 935 F.2d 120, 122 (7th Cir. 1991) (ordering dismissal for want of jurisdiction of debtor's postconfirmation suit to enjoin claims against it, and stating that: "Once the bankruptcy court confirms a plan of reorganization, the debtor may go about its business without further supervision or approval. The firm also is without the *protection* of the bankruptcy court. It may not come running to the bankruptcy judge every time something unpleasant happens.").

In determining when the property owners' claims against Fairfield arose, we begin by noting that, as the property owners point out, their claims are based solely on Fairfield's conduct after the confirmation date. The property owners seek a declaratory judgment that the fee Fairfield has imposed on them is invalid and an injunction prohibiting Fairfield from continuing to collect the fee. These claims are, obviously, purely prospective; they do not in any way depend on Fairfield's past conduct, much less its conduct prior to confirmation. The property owners also seek the refund of certain fees that Fairfield already has collected, and certain other compensatory and punitive damages. The property owners have limited their complaints, however, so as to seek monetary recovery solely on the basis of Fairfield's postconfirmation conduct. Thus all of the property owners' claims are based on Fairfield's conduct subsequent to confirmation.

Fairfield contends that the property owners' claims nevertheless arose before confirmation because they relate back to the dates of the original land sale contracts that established the fee that the property owners now allege is unlawful. In support of this argument, Fairfield cites United States acting through the Agricultural Stabilization and Conservation Service v. Gerth, 991 F.2d 1428, 1433-35 (8th Cir. 1993), in which we held that a claim created by a contract arises at the formation of the contract, even if its validity is contingent on some later event. In Gerth we stated that "Gerth's claim--his right to payment--came into existence at the time the contract was signed and ASCS promised to pay him" even though Gerth's right to payment was contingent on subsequent Congressional appropriation of the funds with which ASCS would pay Gerth. Id. at 1434.

This case differs from Gerth in one critical respect. In Gerth, the contract in question directly created the claim: the contract provided that Gerth had a claim for payment from the ASCS. In this case, the land sale contracts did not create the property owners' claims against Fairfield. The contracts did not provide that the property owners had a claim to payment from Fairfield; quite to the contrary, the contracts provided that Fairfield had a claim to payment from the property owners--the right to collect the contested fee. The property owners' claims are based on the alleged illegality of the contracts insofar as they create this right. More precisely, the property owners' claims are based on Fairfield's attempts to enforce the contested fee provision--and not all of Fairfield's attempts, but only those occurring after the confirmation of Fairfield's reorganization plan. We conclude that the property owners' claims arose not when the land sale contracts were formed but rather when Fairfield engaged in the conduct that forms the basis of the claims, after confirmation.

In summary, the property owners are asserting only postconfirmation claims against Fairfield. As such, these claims were not discharged in Fairfield's bankruptcy. Accordingly, the Bankruptcy Court lacks jurisdiction over Fairfield's suits to enjoin the property owners' claims.

We affirm the judgment of the District Court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.